UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DALE WEBB,

                                 Plaintiff,

       -against-

CITY OF NEW YORK, MARYAN HANNA, Individually,
JIM PAUL, Individually, MARK JENKINS, Individually,
BERLINDA ACEVEDO, Individually, SEAN RYAN,
Individually, FLORIN ALEXANDRU, Individually,
ANTHONY STEEL, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

17 CV 1625 (DLC)

<u>Jury Trial Demanded</u>

       Plaintiff DALE WEBB, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the

defendants, respectfully alleges as follows:

## Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff DALE WEBB is a fifty-seven-year-old African American resident of Queens, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MARYAN HANNA, Individually, JIM PAUL, Individually, MARK JENKINS, Individually, BERLINDA ACEVEDO, Individually, SEAN RYAN, Individually, FLORIN ALEXANDRU, Individually, ANTHONY STEEL, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12.     On December 4, 2015 at approximately 8:30 a.m., defendant NYPD officers needlessly beat, falsely arrested, and manufactured evidence against DALE WEBB at his home located in Manhattan.

13.     On the aforesaid date, plaintiff was lawfully present in his home at 58 East 130th Street, Apartment 3A, New York, New York, when several defendant NYPD officers came to his apartment and needlessly and otherwise wrongfully entered the apartment.

14.     One of the defendant officers, believed to be defendant JIM PAUL, who held the supervisory rank of sergeant and had supervisory authority over the other officers on the scene, struck plaintiff in the face, dragged him out of the apartment into the hallway, causing injuries to him, including to his face, ripping his t-shirt and sweater, and breaking his glasses.

15.     In the hallway outside the apartment, plaintiff was on the floor when one of the defendant NYPD officers put his knee in Mr. Webb's back, and told the other NYPD officers to handcuff and falsely arrest him.

16.     Mr. Webb was taken against his will to the NYPD 25th Precinct Stationhouse, and then to Harlem Hospital, where he was treated for the injuries inflicted by the defendant NYPD officers involved in the incident.

17.     Plaintiff was thereafter taken to the criminal courthouse located at 100 Centre Street in police custody, and held until he was falsely charged with purportedly committing Harassment and Resisting Arrest.

18.     Plaintiff was arraigned on said charges, which were based on false allegations of the City's NYPD officers, verified under oath by defendant officer MARYAN HANNA (in her former name "Maryan Soliman") filed under Case No. 2015NY078491 on December 5, 2015, at approximately 4:00 p.m., at which time claimant was released on his own recognizance, but directed to return to Court on a future date.

19.     Defendant officers created and manufactured false evidence which were conveyed to the New York County District Attorney's Office and which were used against plaintiff in the aforementioned legal proceeding.

20.     Plaintiff was compelled to return to court on January 7, 2016, February 16, 2016, March 9, 2016, and then on April 26, 2016, when all of the false charges lodged against plaintiff were adjourned in contemplation of dismissal.  They have since been dismissed and sealed and otherwise deemed a legal nullity.

21.     Defendants MARYAN HANNA, JIM PAUL, MARK JENKINS, BERLINDA ACEVEDO, SEAN RYAN, FLORIN ALEXANDRU, ANTHONY STEEL, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

22.     Defendants owed a duty to plaintiff to ensure his safety in their custody and to properly apply handcuffs in a manner which would not cause injury to plaintiff.

23.     The defendant officers breached their duty to plaintiff, resulting in plaintiff

4

sustaining the above described physical injuries while in their custody.

24.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

25.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and falsely arrest individuals to cover up police abuse.

26.     For instance, in another civil rights action filed in this Circuit involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

27.     Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_ report_-_oct_1_2015.pdf.  Said report acknowledged that between the years of 2010 and 2014

the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

28.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30.     As a result of the foregoing, plaintiff DALE WEBB sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

31.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendant officers arrested plaintiff DALE WEBB without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33.     Defendant officers caused plaintiff DALE WEBB to be falsely arrested and unlawfully imprisoned.

34.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff DALE WEBB'S constitutional rights.

37.     As a result of the aforementioned conduct of the defendant officers, plaintiff DALE WEBB was subjected to excessive force and sustained serious physical injuries and emotional distress.

38.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against the Individually Named
Defendant Officers)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in
paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendant officers manufactured false evidence against plaintiff DALE WEBB.

41.     Defendant officers forwarded this false evidence to the New York County District
Attorney's Office to be used against plaintiff DALE WEBB in legal proceedings.

42.     As a result of defendants' creation and use of false evidence, plaintiff DALE
WEBB suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United
States Constitution.

43.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory
damages in an amount to be fixed by a jury, and is further entitled to punitive damages against
the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,
costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendants
Officers)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants had an affirmative duty to intervene on behalf of plaintiff DALE
WEBB, whose constitutional rights were being violated in their presence by other officers.

46.     The defendants failed to intervene to prevent the unlawful conduct described
herein.

47.     As a result of the foregoing, plaintiff DALE WEBB was subjected to excessive

8

force, arrested, he was denied his right to a fair trial, and he was put in fear of his safety.

48.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Jim Paul)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54.     The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York Police Department included, but were not limited to, using excessive force against individuals and falsely arresting individuals to justify said use of force.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DALE WEBB'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DALE WEBB.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff DALE WEBB as alleged herein.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff DALE WEBB as alleged herein.

58.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD, plaintiff DALE WEBB was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

59.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DALE WEBB'S constitutional rights.

60.     All of the foregoing acts by defendants deprived plaintiff DALE WEBB of

federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from excessive force;

    C.    To receive a fair trial; and

    E.    To be free from the failure to intervene.

61.    As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

64.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

67.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against all Defendants)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     As a result of the foregoing, plaintiff DALE WEBB was placed in apprehension of imminent harmful and offensive bodily contact.

70.     As a result of defendant's conduct, plaintiff DALE WEBB has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71.     The individually named defendants assaulted plaintiff.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

72.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York against all Defendants)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants made offensive contact with plaintiff DALE WEBB without privilege or consent.

75.     As a result of defendants' conduct, plaintiff DALE WEBB has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

76.     The individually named defendants battered plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

77.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York against all Defendants)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

80.     Defendant City, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

81.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

84.     As a result of the foregoing, plaintiff DALE WEBB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DALE WEBB demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       August 7, 2017

                              BRETT H. KLEIN, ESQ., PLLC
                              Attorneys for Plaintiff DALE WEBB
                              305 Broadway, Suite 600
                              New York, New York 10007
                              (212) 335-0132

                              By:     __s/ Brett Klein_____
                                      BRETT H. KLEIN (BK4744)

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DALE WEBB,

                        Plaintiff,                  17 CV 1625 (DLC)

        -against-

CITY OF NEW YORK, MARYAN HANNA, Individually,
JIM PAUL, Individually, MARK JENKINS, Individually,
BERLINDA ACEVEDO, Individually, SEAN RYAN,
Individually, FLORIN ALEXANDRU, Individually,
ANTHONY STEEL, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),


                        Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132